## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Martha Dolores,**

                    **Plaintiff,**

**v.**                                                        **Case No. 17-2224-JWL**

**BJS, Inc. and Mohanad Khmous,**

                    **Defendants.**

## MEMORANDUM & ORDER

Plaintiff is a former employee who worked as a cook and dishwasher at an International House of Pancakes ("IHOP") restaurant owned by defendant BJS, Inc. Defendant Mohanad Khmous is the president of BJS, Inc. In her lawsuit, plaintiff alleges that defendants violated the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., by failing to compensate plaintiff for hours worked in excess of 40 hours in a given workweek. This matter is presently before the court on the parties' joint motion for leave to file their joint motion for approval of settlement under seal (doc. 26). The motion is denied.

In their motion, the parties seek to file under seal their settlement documents and related motions. The parties acknowledge that, in the FLSA context, their concern for confidentiality must be balanced against the general presumption of public access to judicial records, including a settlement agreement approved by a court. *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (recognizing a common-law right of access to judicial records); *Jessup v.*

*Luther*, 277 F.3d 926, 929-30 (7th Cir. 2002) (when a settlement is filed under seal in the court's file it becomes part of the judicial record); *Vargas v. General Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (FLSA settlement approved by court is judicial record) (citing cases).  The parties, then, seek to rebut the presumption of access by demonstrating a "significant" interest that outweighs the public interests in access.  *See Mann*, 477 F.3d at 1149 (citation omitted).

The parties contend that their FLSA settlement agreement should be sealed because they specifically negotiated confidentiality as part of the settlement agreement and the settlement is contingent on maintaining the terms of the settlement confidential.  This argument is not persuasive to the court.  The parties do not provide any affidavits manifesting that they relied on the confidentiality of the agreement in executing the agreement and there is no evidence (or argument) of any specific injury or harm that will result from public access to the settlement agreement.  Without more, the mere fact that the parties desire a confidential settlement is not sufficient to outweigh the strong presumption of public access to judicial records.  Indeed, the overwhelming trend among courts is to refuse to seal FLSA settlement agreements absent a specific concern about confidentiality.  *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012) (denying a motion to seal because "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court" and "[n]either party [had] submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweigh[ed] the presumption of public access"); *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) (confidentiality agreement alone was insufficient to

grant parties' motion to seal settlement agreement); *Weismantle v. Jail*, 2015 WL 1866190, at *1-2 (W.D. Pa. Apr. 23, 2015) ("What can be gleaned from this prevailing, if not overwhelming, caselaw trend is that, absent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view, if the parties want the Court to approve the substance of an FLSA settlement agreement, it cannot be filed under seal) (collecting cases); *Ordonez v. Mio Posto Restaurant, Inc*., 2014 WL 1672354, at *2-3 (E.D.N.Y. Apr. 21, 2014) (fact that settlement was conditioned on confidentiality insufficient to overcome presumption in favor of public access; overwhelming number of courts that have considered that justification for sealing have "roundly rejected" it).

The parties also contend that filing the agreement under seal is necessary to protect defendants from potential "copycat" litigation.  Without explanation, the parties summarily assert that it is "not unlikely" that the settlement agreement could be "widely disseminated via the internet" in a "matter of hours" upon filing.  Courts have flatly rejected this justification for sealing an FLSA settlement agreement and the court does so here as well.  *Lopez v. Nights of Cabiria, LLC*, ___ F. Supp. 3d ____, 2015 WL 1455689, at *4-6 (S.D.N.Y. Mar. 30, 2015) (desire to insulate defendant from copycat litigation does not trump presumption of public access; court refused to approve agreement unless agreement was posted to the public docket); *Nutting v. Unilever Mfg. (U.S.) Inc*., 2014 WL 2959481, at *4 (W.D. Tenn. June 13, 2014) (fear of copycat lawsuits not reason enough to defeat the presumption of public access); *Alewel v. Dex One Serv., Inc*., 2012 WL 6858504, at * (D. Kan. Dec. 13, 2013) (denying motion to seal FLSA settlement agreement despite argument that public disclosure would encourage copycat

lawsuits); *Curasi v. Hub Enterprises, Inc.*, 2012 WL 728491, at *2 (E.D.N.Y. Mar. 5, 2012) (denying motion to seal FLSA settlement agreement in order to avoid "copycat lawsuits" because "[a] business's general interest in keeping its legal proceedings private does not overcome the presumption of openness").

According to the parties, the court should disregard the clear trend rejecting the filing of FLSA settlement agreements under seal because this is a single-plaintiff case rather than a collective action.  The parties direct the court to no authority suggesting that the distinction is significant and the court discerns no pertinent distinction. And other courts have concluded that the strong presumption of access still applies in the context of a single plaintiff's FLSA settlement.  *See Mabry v. Hildebrandt*, 2015 WL 5025810 (E.D. Penn. Aug. 24, 2015) (rejecting unopposed motion to file FLSA settlement agreement under seal in single-plaintiff case; parties failed to overcome strong presumption of public access); *Green v. Hepaco*, LLC, 2014 WL 2624900 (W.D. Tenn. June 12, 2014) (same).

Finally, the parties cite numerous cases in which federal district courts have permitted parties to file confidential FLSA settlement agreements under seal.  These cases are not persuasive to the court.  The more recent cases cited by the parties are little more than text entries that the parties have attached as exhibits.  These entries contain no analysis of any issues, let alone any reference to the FLSA.  The remaining cases cited by the parties pre-date 2011, when most courts—including this one—were routinely sealing such agreements with minimal scrutiny.  Since that time, most courts have revisited that practice in the context of FLSA settlement agreements and have required a particularized showing from the parties to overcome

the presumption that an FLSA settlement agreement will not be sealed.  That showing has not been made in this case.

In sum, the court concludes that the parties' settlement agreement, once it has been approved by the court and maintained in the court's file, will constitute a judicial record that is presumptively open to the public for "review of the court's fairness in its decision-making."  *See Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999).  Moreover, the parties here have not rebutted the presumption because they have not shown that any need for confidentiality or the potential for copycat litigation heavily outweighs the public's interest in access.  Indeed, the parties have come forward with no evidence whatsoever that refusing to seal the settlement agreement would cause significant damage or prejudice to the parties or would void any material terms of the settlement agreement.  Thus, the parties' joint motion to seal the settlement agreement is denied.  To the extent the parties would like the court to rule on a motion to approve the settlement agreement, the parties will need to file that motion and the settlement agreement in the public record of this case.


**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' joint motion for leave to file their joint motion for approval of settlement under seal (doc. 26) is denied.


**IT IS SO ORDERED.**


Dated this 13th day of October, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge